IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL JOSEPH MURSKI, TDCJ #2222064, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-1036 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## **MEMORANDUM AND ORDER**

State inmate Daniel Joseph Murski has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. # 1], seeking relief from a Montgomery County conviction for possession of a controlled substance that resulted in a sentence of 25 years' imprisonment in the Texas Department of Criminal Justice ("TDCJ"). The respondent has answered with a motion for summary judgment [Doc. # 6]. Murski has not filed a response and his time to do so has expired. After reviewing all of the pleadings and the applicable law, the Court will grant the respondent's motion and dismiss this action for the reasons explained below.

### I.  **BACKGROUND**

A grand jury in Montgomery County, Texas, returned an indictment against Murski in Cause No 17-12-14575-CR, charging him with unlawful possession of a

controlled substance, namely methamphetamine, in an amount of one gram or more, but less than 4 grams, which is a third-degree felony.[1] *See* Tex. Health & Safety Code § 481.115(c). That indictment was enhanced for purposes of punishment with allegations that Murski had at least two prior felony convictions, one for unlawful possession of a firearm by a felon and one for theft.[2] As a result, Murski faced a punishment range of no less than 25 years to life imprisonment.[3] *See* Tex. Penal Code § 12.42(d).

On September 17, 2018, Murksi entered a guilty plea to charges that were lodged against him in Cause No. 17-12-14575-CR and acknowledged that the enhancement allegations were "true."[4] The 9th District Court for Montgomery County found Murski guilty as charged and sentenced him to 25 years' imprisonment under the terms of the plea agreement.[5] Murski did not pursue a direct appeal, which he had waived by pleading guilty.[6]

Murski challenged his conviction by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure, claiming that he was

---

[1] Indictment [Doc. # 7-3], at 52. For purposes of identification, all page numbers reference the pagination for each docket entry imprinted by the Court's electronic filing system, CM/ECF.
[2] *Id.*
[3] Admonitions to the Defendant for Plea to the Court [Doc. # 7-3], at 53.
[4] *Id.* at 55.
[5] *Id.*; Judgment of Conviction by Court – Waiver of Jury Trial [Doc. # 7-3], at 58.
[6] Trial Court's Certification of Defendant's Right to Appeal [Doc. # 7-3], at 56.

2

denied effective assistance of counsel in connection with his guilty plea.[7] Murski alleged that his counsel was deficient for advising him to take the plea bargain, estimating that Murski had only a "2% chance" to prevail at trial, without asking the State to re-weigh the drug amount or confirm that the amount was enough for a felony charge.

In response to Murski's habeas application, the State provided an affidavit from an assistant district attorney for Montgomery County with notes from the State's file, which reflected that the amount of the controlled substance weighed by the arresting officer was 1.6 grams and that the prosecutor asked the lab to confirm the amount due to a discrepancy in the police report.[8] The State also provided a copy of the lab report from the Texas Department of Public Safety, confirming that the drug quantity recovered in Murski's case was 1.26 grams, with a margin of error of plus or minus 0.03 grams,[9] which was sufficient to support the third-degree felony charge.[10] *See* Tex. Health & Safety Code § 481.115(c).

The state habeas corpus court, which also presided over the guilty plea, entered findings of fact based on the evidence provided by the State and concluded

---

[7] State Habeas Application [Doc # 7-3], at 10-11.
[8] Affidavit of Donna Berkey ("Berkey Aff."), Exhibit C, Electronic Notes [Doc. # 7-3], at 45.
[9] Berkey Aff., Exhibit B, Texas Department of Public Safety Controlled Substance Analysis Laboratory Report [Doc. # 7-3], at 42.
[10] Berkey Aff., Exhibit A, Incident Report, Oak Ridge North Police Dep't [Doc. # 7-3], at 37.

that Murski failed to show that he was prejudiced by his attorney's failure to insist that the seized methamphetamine be re-weighed by the DPS laboratory and that Murski otherwise failed to establish that he was denied effective assistance of counsel.[11] The Texas Court of Criminal Appeals agreed and summarily denied relief without a written order on findings made by the trial court.[12]

Murski now seeks federal habeas relief from his conviction under 28 U.S.C. § 2254, on the grounds that he was denied effective assistance of counsel. In particular, he contends that his counsel was deficient for the following reasons: (1) he failed to insist that officials re-weigh the drug quantity; (2) he told Murski that he had only a "2% chance" of prevailing at trial and advised him to take a plea; and (3) he never advised Murski of a plea bargain offer made by the prosecutor for an 18-month sentence.[13] The respondent has filed a motion for summary judgment, arguing that Claim 3 is unexhausted and therefore procedurally barred and that

---

[11] Findings of Fact and Conclusions of Law [Doc. # 7-3], at 48.
[12] Action Taken on Writ No. 89,581-01 [Doc. # 7-1], at 1.
[13] Petition [Doc. # 1], at 6. The petitioner proceeds *pro se* in this case. Courts are required to liberally construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction," meaning that their submissions "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers.") (internal citation marks and quotation omitted).

Murski fails to show that he is entitled to relief under the legal standard that governs federal habeas corpus review where Claims 1 and 2 are concerned.[14]

## II. STANDARD OF REVIEW

The record reflects that Claims 1 and 2 were rejected on the merits on state habeas corpus review. As a result, these claims are subject to review under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified at 28 U.S.C. § 2254(d). Under this standard, a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Where a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

"A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted). To constitute an "unreasonable application of" clearly

---

[14] Respondent's Motion for Summary Judgment [Doc. # 6], at 4-15.

established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (citation omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The AEDPA standard "imposes a 'highly deferential standard for evaluating state-court rulings, . . . [which] 'demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)).

A state court's factual determinations are also entitled to deference on federal habeas corpus review. Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness extends not only to express factual

findings, but also to implicit or "'unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.'" *Murphy v. Davis*, 901 F.3d 578, 597 (5th Cir. 2018) (quoting *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001)); *see also Garcia v. Quarterman*, 454 F.3d 441, 444-45 (5th Cir. 2006) (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)). A federal habeas corpus court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S. Ct. 841, 849 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." *Id*.

## III. DISCUSSION

### A. Claims 1 and 2 – Ineffective Assistance of Counsel

In two related claims (Claims 1 and 2), Murski contends that he was denied effective assistance of counsel because his attorney advised him to plead guilty without asking the State to re-weigh the drug quantity involved in the offense to ensure that it was enough to qualify as a felony. A criminal defendant's ineffective-assistance claim is analyzed under the clearly established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance

by counsel and actual prejudice as a result of the alleged deficiency. *See id.* at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Id*. Thus, the failure to demonstrate deficient performance or prejudice is fatal to an ineffective-assistance claim. *See id*. at 683; *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

To demonstrate deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This is a "highly deferential" inquiry in which "counsel is strongly presumed to have rendered adequate assistance" and that the challenged conduct was the product of reasoned trial strategy. *Id*. at 690. To overcome this presumption, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id*. However, mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id*. at 691. To establish the requisite prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the guilty plea context, this requires the defendant to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Premo v. Moore*, 562 U.S. 115, 129 (2011).

The state habeas corpus court rejected Murski's ineffective-assistance claims after concluding that Murski failed to show he was prejudiced by his counsel's performance or by any failure to insist that the drug quantity be re-weighed. In reaching this conclusion, the state habeas corpus court credited the lab report from the Texas Department of Public Safety and found that the drug quantity was sufficiently over 1 gram (1.26 grams) for purposes of supporting a felony conviction. Because Murski presents no evidence to the contrary, this fact finding is presumed correct for purposes of federal habeas corpus review. *See* 28 U.S.C. § 2254(e)(1). Absent a showing that the drug quantity would have been lower if additional testing had been requested, Murski further fails to demonstrate that his attorney was deficient for failing to investigate further or that he was prejudiced as the result of his failure to insist that the drugs be re-weighed. *See United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014) (A defendant who alleges a failure to investigate on the part of his counsel "must allege with *specificity* what the investigation would have revealed and how it would have altered the outcome of the trial.")(citation omitted) (emphasis added).

Murski also fails to show that his counsel was deficient for advising him to plead guilty before confirming that the drug quantity was sufficient to support a

9

felony conviction. In that respect, Murski does not allege that, but for his counsel's advice, he would have pleaded not guilty and would have insisted on a trial. Under these circumstances, Murski does not demonstrate the requisite prejudice. *See Hill*, 474 U.S. at 59. This forecloses relief under the AEDPA. *See Premo*, 562 U.S. at 132; *see also King v. Davis*, 898 F.3d 600, 604-05 (5th Cir. 2018). In that regard, Murski does not demonstrate that the state court denied relief unreasonably or in a manner that was contrary to clearly established precedent. Therefore, the respondent's motion for summary judgment on Claims 1 and 2 will be granted.

**B.     Claim 3 – Exhaustion and Procedural Default**

In Claim 3, Murski asserts that his counsel was deficient for failing to convey a plea offer that would have resulted in a prison sentence of only 18 months. The record confirms that Murski did not present this claim for adjudication in state court and that he did not exhaust available remedies as required before seeking federal habeas review of this allegation. Arguing that this constitutes a procedural default, the respondent maintains that this claim must be dismissed.

The federal habeas corpus standard of review requires a petitioner to first present his claims in state court and to exhaust all state court remedies through proper adjudication. *See* 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement the petitioner must first present his claims to the highest state court in a procedurally proper manner so that the state court is given a fair opportunity to consider and pass

upon challenges to a conviction before those issues come to federal court for habeas corpus review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). It is well established that a petitioner's failure to exhaust state court remedies when he had the chance to do so constitutes a procedural default that is adequate to bar federal habeas review. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (concluding that unexhausted claims, which could no longer be raised in state court due to Texas' prohibition on successive writs, were procedurally defaulted); *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2000) (same) (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)).

Where a petitioner has committed a procedural default, federal habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To satisfy the exception reserved for fundamental miscarriages of justice, a petitioner must provide the court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

Murski has not responded to the motion for summary judgment. He does not otherwise make a showing of factual innocence here and his status as a *pro se* litigant, standing alone, is insufficient to constitute cause for purposes of excusing a

procedural default.  *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). Because the pleadings do not disclose any other exception, the Court concludes that Claim 3 is procedurally barred from federal review and that the respondent is entitled to summary judgment on this issue.  Therefore, this action will be dismissed.

### III. <u>CERTIFICATE OF APPEALABILITY</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted).

After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong.  Because the petitioner does not allege facts showing that his

12

claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV. **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 6] is **GRANTED**.

2. The petition for a writ of habeas corpus filed by Daniel Joseph Murski under 28 U.S.C. § 2254 is **DENIED** and this case is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on December 20, 2019.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE